## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

_____

CENTER FOR BIOLOGICAL DIVERSITY )
and NOKUSE EDUCATION, INC., )
                 )
       *Plaintiffs*, )
                 )
     v. )      Case No. 3:23-cv-936-BJD-LLL
                 )
U.S. FISH AND WILDLIFE SERVICE; )
MARTHA WILLIAMS, in her official )
capacity as Director of the U.S. Fish and )
Wildlife Service; and DEB HAALAND, in )
her official capacity as Secretary of the U.S. )
Department of the Interior, )
                 )
     *Federal Defendants*. )
_____ )

## <u>FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants the U.S. Fish and Wildlife Service; Martha Williams, in her official capacity as Director of the U.S. Fish and Wildlife Service (the "Service"); and Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior (collectively, "Federal Defendants") hereby respond to the allegations of Plaintiffs' Complaint (ECF No. 1) ("Complaint") in the above-captioned case.

The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint. The paragraph headings in this Answer correspond to the paragraph headings in Plaintiffs' Complaint and are included solely to provide convenient reference to the Complaint.

## INTRODUCTION

1.   The allegations contained in Paragraph 1 constitute Plaintiffs'
     characterization of their case and legal conclusions, to which no response is
     required. To the extent a response is required, Federal Defendants deny the
     allegations.

2.   Federal Defendants admit the allegations in the first sentence of Paragraph 2
     and that the gopher tortoise (*Gopherus polyphemus*) is a keystone species and
     digs burrows that more than 360 other species use for shelter, feeding, and
     essential behaviors. The remaining allegations in Paragraph 2 are too vague
     and ambiguous to permit a specific response and are denied on that basis.

3.   As to the first sentence in Paragraph 3, Federal Defendants aver that
     approximately three percent of historical longleaf pine ecosystems remain in
     natural condition. The remaining allegations in the first sentence, and the
     allegations in the second and fourth sentences of Paragraph 3, are too vague
     and ambiguous to permit a specific response and are denied on that basis.
     The allegations in the third sentence of Paragraph 3 appear to characterize
     information in the Service's Species Status Assessment ("SSA") for the gopher
     tortoise and 87 Fed. Reg. 61,834 (Oct. 12, 2022) ("2022 Not Warranted
     Finding"), which speak for themselves and are the best evidence of their
     contents. Federal Defendants deny any allegations contrary to the plain
     language, meaning, or context of the referenced documents.

4.    As to the first sentence of Paragraph 4, Federal Defendants admit that the Service concluded in 2022 that listing the gopher tortoise as an endangered or threatened species under the Endangered Species Act ("ESA") was not warranted. The remaining allegations contained in Paragraph 4 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

5.    The allegations contained in Paragraph 5 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

6.    The allegations contained in Paragraph 6 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

**JURISDICTION AND VENUE**

7.    The allegations contained in Paragraph 7 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

8.    The allegations contained in Paragraph 8 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

9.  The allegations contained in Paragraph 9 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

10. As to the first sentence of Paragraph 10, Federal Defendants admit that they received a notice of intent to sue letter from Plaintiffs dated March 22, 2023. The remaining allegations constitute Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

11. The allegations contained in the first and second sentences of Paragraph 11 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. As to the third sentence of Paragraph 11, Federal Defendants admit that the Service's Florida Ecological Services Office was located in Jacksonville in Duval County at the time of the decision at issue in this matter. With respect to the remaining allegations in the third sentence, the phrase "primary role in preparing" is too vague and ambiguous to permit a specific response and the remaining allegations are denied on that basis.

## PARTIES

12. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and deny the allegations on that basis.

13. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and deny the allegations on that basis.

14. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and deny the allegations on that basis.

15. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and deny the allegations on that basis.

16. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and deny the allegations on that basis.

17. The allegations in Paragraph 17 constitute Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

18. Federal Defendants admit the allegations in the first sentence of Paragraph 18. The remaining allegations purport to characterize 50 C.F.R. § 402.01(b), which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced regulation.

19. Federal Defendants admit the allegations in the first sentence of Paragraph 19. The allegations in the second sentence of Paragraph 19 constitute

Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

20. Federal Defendants admit the allegations in the first and second sentences of Paragraph 20. The allegations in the third sentence of Paragraph 20 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## STATUTORY AND REGULATORY BACKGROUND

21. The allegations contained in Paragraph 21 purport to characterize the court decision in *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978) and the ESA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and case.

22. The allegations contained in Paragraph 22 purport to characterize the ESA and 50 C.F.R. § 402.01(b), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and regulation.

23. The allegations contained in Paragraph 23 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

24. The allegations contained in Paragraph 24 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

25. The allegations contained in Paragraph 25 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and regulations.

26. The allegations contained in Paragraph 26 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

27. The allegations contained in Paragraph 27 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

28. The allegations contained in Paragraph 28 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and regulations.

29.   The allegations contained in Paragraph 29 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and regulations.

30.   The allegations contained in Paragraph 30 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

31.   The allegations contained in Paragraph 31 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and regulations.

32.   The allegations contained in Paragraph 32 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

33.   The allegations contained in Paragraph 33 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

34. The allegations contained in Paragraph 34 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and regulations.

35. The allegations contained in Paragraph 36 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute and regulations.

36. The allegations contained in Paragraph 36 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

37. The allegations contained in Paragraph 37 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

38. The allegations contained in Paragraph 38 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

39. The allegations contained in Paragraph 39 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

40. The allegations contained in Paragraph 40 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

41. The allegations contained in Paragraph 41 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced statute.

## FACTUAL BACKGROUND

42. Federal Defendants admit the allegations in Paragraph 42.

43. Federal Defendants admit the allegations in Paragraph 43.

44. Federal Defendants admit the allegations in Paragraph 44.

45. Federal Defendants admit the allegations in Paragraph 45.

46. Federal Defendants admit the allegations in the first sentence of Paragraph 46. With respect to the allegations in the second and third sentences of Paragraph 46, the terms "highly vulnerable," "often," "mask declines," and "imminent" are too vague and ambiguous to permit a specific response, and the allegations are denied on that basis.

47.  Federal Defendants admit the allegations in Paragraph 47.

48.  The allegations in Paragraph 48 appear to characterize information in the gopher tortoise SSA and the 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

49.  The allegations in Paragraph 49 appear to characterize information in the gopher tortoise SSA and the 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

50.  The allegations in the first sentence of Paragraph 50 appear to characterize information in the gopher tortoise SSA and the 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents. With respect to the allegations in the second and third sentences of Paragraph 50, the phrases "mirrors the [ ] decline," "ongoing for decades," and "significantly" are too vague and ambiguous to permit a specific response, and the allegations are denied on that basis.

51.  With respect to the allegations in Paragraph 51, the phrases "driven primarily," "ongoing and likely to continue," and "likely to worsen" are too

vague and ambiguous to permit a specific response, and the allegations are denied on that basis.

52. With respect to the allegations in the first and third sentences of Paragraph 52, the terms "particularly," "many other," and "persecution" are too vague and ambiguous to permit a specific response, and the allegations are denied on that basis. The allegations in the second sentence of Paragraph 52 appear to characterize information in the gopher tortoise SSA and the 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

53. The allegations in Paragraph 53 appear to characterize information in the gopher tortoise SSA and the 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

54. The allegations in Paragraph 54 appear to characterize information in the gopher tortoise SSA and the 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

55. The allegations in Paragraph 55 appear to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for

themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, and context of the referenced documents.

56. The allegation in Paragraph 56 appears to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

57. The allegations in Paragraph 57 constitute Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

58. The allegations in Paragraph 58 purport to characterize 52 Fed. Reg. 25,376 (July 7, 1987), a Federal Register notice that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

59. Federal Defendants admit that the Service received a petition in 2006 from Save Our Big Scrub, Inc. and Wild South to list the gopher tortoise in the eastern portion of its range as a threatened species under the ESA. The remaining allegations in Paragraph 59 are too vague and ambiguous to permit a specific response and are denied on that basis.

60. The allegations in Paragraph 60 purport to characterize 74 Fed. Reg. 46,401 (Sept. 9, 2009), a Federal Register notice that speaks for itself and is the best

evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

61. The allegations in Paragraph 61 purport to characterize 76 Fed. Reg. 45,130 (July 27, 2011), a Federal Register notice that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, and context of the referenced document.

62. The allegations in Paragraph 62 purport to characterize 76 Fed. Reg. 45,130 (July 27, 2011), a Federal Register notice that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

63. Federal Defendants aver that from 2011 to 2022 the Service found the gopher tortoise warranted for listing under the ESA but precluded by higher priorities. The remaining allegations in Paragraph 63 are too vague and ambiguous to permit a specific response and are denied on that basis.

64.  The allegations in Paragraph 64 purport to characterize a stipulated settlement agreement in *Center for Biological Diversity v. Haaland et al.*, Case No. 21-cv-00884-EGS (D.D.C.) that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced agreement.

65. The allegations in Paragraph 65 purport to characterize information in the 2022 Not Warranted Finding, which speaks for itself and is the best evidence

of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

66. The allegations in Paragraph 66 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

67. The allegations in Paragraph 67 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

68. The allegations in Paragraph 68 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

69. The allegations in Paragraph 69 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

70. The allegations in Paragraph 70 purport to characterize information in the gopher tortoise SSA and the 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants

deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

71. The allegations in Paragraph 71 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

72. The allegations in Paragraph 72 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

73. The allegations in Paragraph 73 purport to characterize information in the 2022 Not Warranted Finding, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

74. The allegations in Paragraph 74 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

75. The allegations in Paragraph 75 purport to characterize information in the gopher tortoise SSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

76.   The allegations in Paragraph 76 purport to characterize information in the 2022 Not Warranted Finding, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

77.   The allegations in Paragraph 77 purport to characterize information in the 2022 Not Warranted Finding, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

78.   Federal Defendants deny the allegations in Paragraph 78.

79.   Federal Defendants deny the allegations in Paragraph 79.

80.   Federal Defendants deny the allegations in the first sentence of Paragraph 80. The allegations in the second sentence purport to characterize the gopher tortoise SSA and 2022 Not Warranted Finding, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents. Federal Defendants deny the allegations in the third sentence of Paragraph 80.

81.   Federal Defendants deny the allegations in Paragraph 81.

82.   The allegations in Paragraph 82 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants

deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

83. Federal Defendants deny the allegations in the first, fourth, and fifth sentences of Paragraph 83. With respect to the allegations in the second sentence of Paragraph 83, the terms "long time," "low," and "many" are too vague and ambiguous to permit a specific response, and the allegations are denied on that basis. The allegations in the third sentence of Paragraph 83 appear to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

84. With respect to the allegations in the first sentence of Paragraph 84, the terms "models" and "helpful" are too vague and ambiguous to permit a specific response, and the allegations are denied on that basis. The allegations in the second sentence of Paragraph 84 constitute Plaintiffs' legal conclusion, to which no response is required. To the extent a response is required, Federal Defendants deny the allegation.

85. Federal Defendants deny the allegations in Paragraph 85.

86. The allegations in Paragraph 86 purport to characterize information in the 2022 Not Warranted Finding, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

18

87.   Federal Defendants deny the allegations in the first sentence of Paragraph 87. The remaining allegations in Paragraph 87 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

88.   The allegations in Paragraph 88 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

89.   The allegations in Paragraph 89 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

90.   Federal Defendants deny the allegations in Paragraph 90.

91.   Federal Defendants deny the allegations in the first sentence of Paragraph 91. The remaining allegations in Paragraph 91 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents.

Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

92. Federal Defendants deny the allegations in the first sentence of Paragraph 92. The remaining allegations in Paragraph 92 purport to characterize information in the 2022 Not Warranted Finding, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

93. The allegations in Paragraph 93 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

94. The allegations in the first and second sentences of Paragraph 94 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents. Federal Defendants deny the remaining allegations in Paragraph 94.

95. Federal Defendants deny the allegations in the first sentence of Paragraph 95. The allegations in the second sentence of Paragraph 95 purport to characterize information in the 2022 Not Warranted Finding, which speaks

for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

96. Federal Defendants deny the allegations in Paragraph 96.

97. Federal Defendants deny the allegations in Paragraph 97.

98. The allegations in Paragraph 98 purport to characterize information in the 2022 Not Warranted Finding, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced document.

99. The allegations in Paragraph 99 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

100. The allegations in Paragraph 100 purport to characterize information in the gopher tortoise SSA and 2022 Not Warranted Finding, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the referenced documents.

101. Federal Defendants deny the allegations in Paragraph 101.

102. Federal Defendants deny the allegations in Paragraph 102.

103. Federal Defendants deny the allegations in Paragraph 103.

104. Federal Defendants deny the allegations in Paragraph 104.

## CLAIMS FOR RELIEF

105. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

106. Federal Defendants deny the allegations in Paragraph 106.

107. Federal Defendants deny the allegations on Paragraph 107.

108. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

109. The allegations in Paragraph 109 constitute Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

110. The allegations in Paragraph 110 constitute Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

111. Federal Defendants deny the allegations in Paragraph 111.

112. Federal Defendants deny the allegations in Paragraph 112.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' complaint constitutes their request for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations contained in Plaintiffs' complaint, whether express or implied, that are not otherwise specifically admitted, qualified, or denied herein.

Dated: October 20, 2023          Respectfully submitted:

TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
NICOLE SMITH, Assistant Section Chief

*/s/ Taylor A. Mayhall*
TAYLOR A. MAYHALL – Lead Counsel
Trial Attorney (MN Bar No. 0400172)
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3796
Taylor.mayhall@usdoj.gov

*Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Counsel of record currently identified on the mailing list to receive electronic notices for this case are served via Notices of Electronic Filing generated by CM/ECF.

*/s/ Taylor A. Mayhall*
TAYLOR A. MAYHALL
Trial Attorney (MN Bar No. 0400172)
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3796
Taylor.mayhall@usdoj.gov

*Counsel for Federal Defendants*

24