IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY** and **NOKUSE EDUCATION, INC.**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**U.S. FISH AND WILDLIFE SERVICE; MARTHA WILLIAMS**, in her official capacity as Director of the U.S. Fish and Wildlife Service; and **DEB HAALAND**, in her official capacity as Secretary of the U.S. Department of the Interior,<br><br>*Defendants*. | Case No. 3:23-cv-936-BJD-LLL |

## JOINT PROPOSED CASE MANAGEMENT SCHEDULE

Pursuant to the Court's Notice dated August 24, 2023, ECF No. 8, Plaintiffs Center for Biological Diversity and Nokuse Education, Inc. (collectively, Plaintiffs) and Federal Defendants the U.S. Fish and Wildlife Service; Martha Williams, in her official capacity as Director of the U.S. Fish and Wildlife Service; and Deb Haaland, in her official capacity as Secretary of the U.S. Department of the Interior (collectively, Federal Defendants or Service) file this notice of exemption from Local Rule 3.02(a)(2) and Joint Proposed Case Management Schedule.

This case is "an action for review on an administrative record" and is therefore exempt from initial disclosure rules, Fed. R. Civ. P. 26(a)(1)(B), and the requirements set forth in Local Rule 3.02. *See* M.D. Fla. Local Rule 3.02(d)(2) (exempting "an action for review on an administrative record"). Nevertheless, the parties believe a case management report would be informative for the Court and have prepared a report and proposed schedule to resolve Plaintiffs' claims, as set forth below.

## I.   PLANNING CONFERENCE

The parties conducted a planning conference via video conference platform on September 27, 2023. *See* Local Rule 3.02(a)(1).

Present for Plaintiffs: Elise Pautler Bennett, Ragan Whitlock

Present for Federal Defendants: Taylor Mayhall

## II.   BACKGROUND

On August 9, 2023, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief against the Federal Defendants alleging the Service violated the Endangered Species Act (ESA) and/or the Administrative Procedure Act (APA) when the Service issued its October 12, 2022 decision that listing the gopher tortoise (*Gopherus polyphemus*) as endangered or threatened under the ESA is not warranted.

Judicial review of asserted agency violations of the ESA and/or APA, such as those at issue in this suit, are governed by the APA. *See, e.g.*, *Fund for Animals v. Rice*, 85 F.3d 535, 541–42 (11th Cir. 1996); *Miccosukee Tribe of Indians of Fla. v. United*

*States*, 697 F. Supp. 2d 1324, 1329 (S.D. Fla. 2010) (applying the standard of review in Section 706 of the APA to claims raised under the APA and ESA). Accordingly, the typical pre-trial and discovery requirements of Federal Rules of Civil Procedure 16 and 26 are inapplicable. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (Under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

The appropriate method for litigating the claims presented in this case is by cross-motions for summary judgment. *BBX Capital Corp. v. FDIC*, No. 17-62317-CIV-COHN/SELTZER, 2018 U.S. Dist. LEXIS 222769, at *10 (S.D. Fla. Nov. 14, 2018) (quoting CS-360, LLC v. U.S. Dep't of Veterans Affairs, 101 F. Supp. 3d 29, 32 (D.D.C. 2015)) ("'[S]ummary judgment is the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review.'").

III.   PROPOSED CASE MANAGEMENT SCHEDULE

The parties anticipate that this matter can be resolved through summary judgment briefing based on review of the Service's administrative record (AR). Pursuant to the Court's rules, motions are typically limited to 25 pages, responses are typically limited to 20 pages and are due within 14 days, and reply briefs are only allowed upon leave granted by the Court. Local Rule 3.01(a)–(d). All parties seek to expand the time frames and page limits, as follows:

| | |
|---|---|
| January 26, 2024 | Deadline for Federal Defendants to lodge the AR with the Court; |
| March 8, 2024 | Deadline for any motion by Plaintiffs objecting to the contents of the AR, seeking to complete or supplement the record, or seeking discovery, or any motion by Federal Defendants seeking to clarify the scope of the AR; |
| March 29, 2024 | Deadline for Plaintiffs to file their motion for summary judgment, not to exceed 40 pages; |
| May 10, 2024 | Deadline for Federal Defendants to file their combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment, not to exceed 40 pages; |
| May 31, 2024 | Deadline for Plaintiffs to file their combined memorandum in opposition to Federal Defendant's cross-motion for summary judgment and reply in support of their motion for summary judgment, not to exceed 20 pages; |
| June 21, 2024 | Deadline for Federal Defendants to file their reply in support of their cross-motion for summary judgment, not to exceed 20 pages; |
| Late-June 2024 (or another date at the Court's convenience) | Requested oral argument on the parties' cross motions for summary judgment. |

Federal Defendants will conventionally file the AR on a thumb drive for use by the Court, with a separate thumb drive sent to the Plaintiffs. Only the AR index and certification will be filed onto the docket.

If any party files a motion concerning the AR, the parties propose that the summary judgment briefing be stayed until resolution of the record motion. The parties will propose a new merits briefing schedule within seven days after resolution of any AR motion.

## IV. DISCOVERY

The parties agree that traditional discovery may not be necessary for purposes of resolving the Plaintiffs' claims arising under the ESA and APA. However, the Plaintiffs reserve the right to seek discovery if necessary. *See Citizens to Pres. Overton Park, Inc. v Volpe*, 401 U.S. 402, 420 (1971) (explaining that "since the bare [administrative] record may not disclose the factors that were considered or the [agency's] construction of the evidence it may be necessary for the district court to require some explanation" including testimony from administrative officials). Federal Defendants reserve the right to make any objections to discovery by the Plaintiffs.

## V. CONCLUSION

The Parties respectfully request that the Court enter this Joint Proposed Case Management Schedule.

Respectfully submitted this 25th day of October, 2023.

                */s/ Elise Pautler Bennett*
                Elise Pautler Bennett (FL Bar Number: 106573)
                ebennett@biologicaldiversity.org
                Center for Biological Diversity
                P.O. Box 2155
                St. Petersburg, Florida 33731
                Telephone: (727) 755-6950

                */s/ Ragan Edward Whitlock*
                Ragan Edward Whitlock (FL Bar Number: 1034177)
                rwhitlock@biologicaldiversity.org
                Center for Biological Diversity
                P.O. Box 2155

St. Petersburg, FL 33731
Telephone: (727) 426-3653

*Counsel for Plaintiffs Center for Biological Diversity and Nokuse Education, Inc.*

TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief

*/s/ Taylor A. Mayhall*
TAYLOR A. MAYHALL
Trial Attorney (MN Bar No. 0400172)
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3796
Taylor.mayhall@usdoj.gov

*Counsel for Federal Defendants*