United States District Court
Middle District of Florida
Jacksonville Division

**CENTER FOR BIOLOGICAL
DIVERSITY, AND NOKUSE
EDUCATION, INC.,**

    Plaintiffs,

v.                                        No. 3:23-cv-936-WWB-LLL

**U.S. FISH AND WILDLIFE SERVICE,
MARTHA WILLIAMS, IN HER OFFICIAL
CAPACITY AS DIRECTOR OF THE U.S.
FISH AND WILDLIFE SERVICE, AND
DEB HAALAND, IN HER OFFICIAL CAPACITY
AS SECRETARY OF THE U.S. DEPARTMENT
OF THE INTERIOR,**

    Defendants.
_____

### Order Granting Motion to Stay Proceedings

Before the Court is the parties' Joint Motion to Stay Case Management Schedule. Doc. 14. In it, the parties request proceedings be stayed until May 7, 2024. *Id.* For the reasons discussed below, the motion is granted.

Plaintiffs initiated this action by filing their complaint in August 2023 against defendants U.S. Fish and Wildlife Service, Martha Williams, and Deb Haaland. Doc. 1. Plaintiff Center for Biological Diversity (CBD) is a national, nonprofit conservation organization that works to protect endangered species and their habitats. *Id.* ¶ 12. CBD is incorporated in California and headquartered in Tucson, Arizona. *Id.* Plaintiff

Nokuse Education, Inc. is a nonprofit education and conservation organization, which operates the E.O. Wilson Biophilia Center in Walton County, Florida. *Id.* ¶ 13. The complaint alleges defendants wrongfully denied the gopher tortoise endangered or threatened species status, doc. 1 ¶¶ 105-112, and requests declaratory and injunctive relief, doc. 1 at 35.

The gopher tortoise is a terrestrial turtle living across the southeast United States from the eastern tip of Louisiana to the southern tip of South Carolina and south through much of Florida. *Id.* ¶ 2. The gopher tortoise's habitats include upland forest, savanna, grassland, and coastal dunes. *Id.* ¶ 1. Plaintiffs seek judicial review of the U.S. Fish and Wildlife Service's finding that listing the gopher tortoise as endangered or threatened under the Endangered Species Act was not warranted.

Defendants answered the complaint in October 2023, doc. 9, then the Court issued a Case Management and Scheduling Order (CSMO) in November 2023, doc. 11. As ordered by the CSMO, defendants lodged the administrative record in January 2024, doc. 13; the parties now believe, however, that additional time is necessary to "negotiate and attempt to narrow or resolve any issues" relating to the administrative record, doc. 14 ¶ 5. The parties further represent that their motions for summary judgment will be based on the administrative record, and it would be most efficient to work out the contents of the administrative record before setting a new schedule for summary judgment briefing. *Id.* ¶ 6. Thus, the parties jointly request that the Court stay proceedings for 60 days beginning on the March 8, 2024 administrative record deadline, through May 7, 2024. *Id.* ¶ 7.

Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and the judge's consent." I find good cause has been shown to modify the CSMO because the parties' negotiations could narrow the scope of, or even eliminate altogether, further litigation over the contents of the administrative record. Accordingly, the parties' joint motion to stay, doc. 14, is granted.

It is **ordered**:

1. The parties' Joint Motion to Stay Case Management Schedule, doc. 14, is **granted**. The case is **stayed** pending further action from the Court.

2. **On or before May 3, 2024**, the parties **shall file a joint status report** indicating how the parties intend to proceed in this action.

**Ordered** in Jacksonville, Florida, on February 23, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Elise Pautler Bennet, Esquire
Ragan Whitlock, Esquire
Taylor Mayhall, Esquire