IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY** and **NOKUSE EDUCATION, INC.**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **U.S. FISH AND WILDLIFE SERVICE; MARTHA WILLIAMS**, in her official capacity as Director of the U.S. Fish and Wildlife Service; and **DEBRA HAALAND**, in her official capacity as Secretary of the U.S. Department of the Interior, <br><br> *Defendants*. | Case No. 3:23-cv-936-WWB-LLL |

**PLAINTIFFS CENTER FOR BIOLOGICAL DIVERSITY AND NOKUSE EDUCATION, INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    I.      This Court may supplement the Administrative Record with the Shoemaker Declaration ................................................................................................................. 1

    II.     The Service fundamentally misrepresents the Shoemaker Declaration .......... 3

    III.    The Administrative Record fails to provide an explanation of the PVA model for the Court's review ............................................................................................ 4

CONCLUSION ................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Coin Ctr. v. Yellen*,
    No. 3:22cv20375-TKW-ZCB,
    2023 WL 2889736 (N.D. Fla. Apr. 10, 2023) ......................................................................2

*Pres. Endangered Areas of Cobb's History v. U.S. Army Corps of Eng'rs*,
    87 F.3d 1242 (11th Cir. 1996) ..........................................................................................1–3

*Sierra Club v. U.S. Fish & Wildlife Serv.*,
    No. 2:20-cv-13-SPC-NPM,
    2021 WL 5634131 (M.D. Fla. Dec. 1, 2021) ......................................................................2

*Sierra Club v. U.S. Forest Service*,
    535 F. Supp. 2d 1268 (N.D. Ga. 2008) ......................................................................... 8, 13

*SOSS2, Inc. v. U.S. Army Corps of Eng'rs*,
    403 F. Supp. 3d 1233 (M.D. Fla. 2019) ........................................................................ 7, 10

## INTRODUCTION

Plaintiffs Center for Biological Diversity and Nokuse Education, Inc. (Plaintiffs) moved this Court to supplement the Administrative Record with a declaration from Dr. Kevin Shoemaker explaining the population viability analysis model (PVA model) relied on by Federal Defendants (Service) to deny endangered species protections for the gopher tortoise. *See* ECF No. 20; ECF No. 20-1 (hereinafter, Shoemaker Decl.). The Service's Memorandum in Opposition (Response), ECF No. 22, is replete with misleading representations that further establish the lack of explanation within the Administrative Record. Therefore, Plaintiffs clarify the legal standard at issue and address the Service's misleading claims about the Administrative Record and the substance of the Shoemaker Declaration.

## ARGUMENT

**I.   This Court may supplement the Administrative Record with the Shoemaker Declaration.**

This Court may supplement the Administrative Record where technical terms or complex subjects need to be explained, as is the case here. The Eleventh Circuit has recognized four circumstances in which looking beyond an administrative record is permitted. *Pres. Endangered Areas of Cobb's History v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 n. 1 (11th Cir. 1996) [P.E.A.C.H]; *see also SOSS2, Inc. v. United States Army Corps of Eng'rs*, 403 F. Supp. 3d 1233, 1239 (M.D. Fla. 2019) (reiterating that the Eleventh Circuit permits a reviewing court to go beyond the administrative record if one of four P.E.A.C.H. exceptions is met). Though some district courts focus solely on the bad faith P.E.A.C.H. exception, that does not constrain this Court's ability to employ the others.

The Service conflates a Court declining to reach the merits of an issue not raised by the parties with an inability to do so. *See* ECF No. 22 at 4; *P.E.A.C.H.*, 87 F.3d at 1246 n. 1 ("We need not consider these exceptions as none of them apply in the instant case"); *Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-cv-13-SPC-NPM, 2021 WL 5634131, at *3 (M.D. Fla. Dec. 1, 2021) ("After describing those four exceptions, [P.E.A.C.H.] refused to consider the inapplicable exceptions. Likewise, the Order didn't need to analyze irrelevant exceptions.").

Furthermore, the Service's direction to *Coin Ctr.* is misguided. In reviewing a claim under the International Emergency Economic Powers Act, the *Coin Ctr.* Court declined to supplement the administrative record with a declaration, in part because it was deemed "cumulative." *Coin Ctr. v. Yellen*, No. 3:22cv20375-TKW-ZCB, 2023 WL 2889736, at *3 (N.D. Fla. Apr. 10, 2023) (noting an article published by the declarant containing similar information already appeared in the record). Here, there is no such duplicative information from Dr. Shoemaker, the Service, or other modeling expert.

The only digestible analysis of the PVA model in the Administrative Record describes what the model was designed to do, without providing individual results of the simulation for this Court's review. The Shoemaker Declaration would fill this gap by providing a technical explanation lacking in the Administrative Record, including the methodologies for evaluating asymptotic growth rates and immigration across populations. The facts in this case are thus closer aligned with *Sierra Club v. United States Forest Service*, in which the Northern District of Georgia cited *P.E.A.C.H.* in support of supplementing the record with "testimony not contained in the administrative

record as to the meaning of the technical terms 'inventory' and 'population inventory information.'" 535 F. Supp. 2d 1268, 1291 (N.D. Ga. 2008).

The Service failed to provide a thorough explanation in the Administrative Record and now seeks to obscure this Court's review by painting the Shoemaker Declaration as a contrary scientific opinion as opposed to a technical explanation of the PVA model relied on by the Service.

## II.     The Service fundamentally misrepresents the Shoemaker Declaration.

The Service mischaracterizes the substance of the Shoemaker Declaration in two primary respects.

First, the Service erroneously claims Dr. Shoemaker is "bringing his own schematics and alternate modeling technique." ECF No. 22 at 7. Dr. Shoemaker is describing the study before the agency, including the chosen structure for analyzing asymptotic population growth rates. Shoemaker Decl. at ¶ 27–29. Dr. Shoemaker then applies the "unrolled" structure to the model, highlighting the significant effects it has on the results. *Id*. at ¶ 30. The "unrolled" method is not Dr. Shoemaker's own modeling technique, it is the preferred technique recognized by the Administrative Record. *See* AR 011784–94 (finding models employing the flat-age-within-stage structure approach "substantially over estimated" growth, instead favoring the "unrolled" method).

The Service does not claim that Dr. Shoemaker's explanation of the flat-age-within-stage-structure or application of the unrolled method is incorrect. Instead, the Service attempts to mislead this Court by claiming the offered explanation is the use of "his own modeling technique."

Second, the Service cites as "argumentative advocacy" Dr. Shoemaker's "opinion that the gopher tortoise is 'much more prone to extinction than indicated by the model.'"

ECF No. 22 at 7. Dr. Shoemaker is clearly explaining the impact of the PVA model's feedback loop, finding that several *individual populations* mischaracterized as "extremely likely to persist," are more prone to extinction. Shoemaker Decl. at ¶ 25.

To help explain the unintended feedback loop, Dr. Shoemaker analyzed the model's output and used an individual population as a case study. Dr. Shoemaker identifies population ID 110, which begins with an average of ~22 individuals in a landscape population of ~4,200 individuals. *Id*. The immigration feedback loop, described fully in the declaration but not in the Administrative Record, creates the proposition that, over the course of only 20 years, the population would grow from ~4,200 individuals to ~200,000 individuals, a biological impossibility for a species that is "long-lived, slow growing, and [] slow to reach maturity." *Id.*; AR 003473. The same population ended the simulation with a density of 29.7 females/ha, significantly exceeding the limit of 2 females/ha intended by the model. AR 003446.

The Shoemaker Declaration is a technical explanation of the PVA model before the Service at the time of the agency action, not "new information" or "advocacy."

**III.    The Administrative Record fails to provide sufficient explanation of the PVA model for the Court's review.**

The Service's claim that the Administrative Record explains the methodology "as to the two aspects of the PVA model specifically challenged" by the declaration, is false. ECF No. 22 at 7.

For example, the Service cites the Administrative Record as adequately explaining immigration parameters in the PVA model. *Id*. The cited description includes the PVA model's density limit of 2 females/ha because "it is a conservative intermediate estimate of maximum density among populations across the species'

range." AR 003446. The model was to prevent immigration when density increased above 2 females/ha, therefore "enforcing a limit on maximum population size." *Id.* As examined in the Shoemaker Declaration, but unavailable for the Court's review in the Administrative Record, one individual population ended the simulation with 29.7 females/ha. Shoemaker Decl. at ¶ 25.

The Service neither attempts to refute the Shoemaker Declaration, nor offer its own description as the Response claims would be the "proper source." ECF No. 22 at 2. The Shoemaker Declaration is thus highly relevant to this Court's review.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court supplement the Administrative Record with an expert declaration explaining technical terms and complex subjects, including the Service's flat-age-within-stage structure approach to judge asymptotic population growth rates and the impact of using theoretical populations in the immigration process.

Respectfully submitted on this 2nd day of August, 2024,

*/s/ Ragan Edward Whitlock*
RAGAN EDWARD WHITLOCK
Florida Bar No. 1034177
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Telephone: (727) 426-3653
Email: rwhitlock@biologicaldiversity.org

*Attorney for Plaintiffs Center for Biological Diversity and Nokuse Education, Inc.*