IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY** and **NOKUSE EDUCATION, INC.**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**U.S. FISH AND WILDLIFE SERVICE; PAUL SOUZA**, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service; and **WALTER CRUICKSHANK**, in his official capacity as Acting Secretary of the U.S. Department of the Interior,[1]<br><br>*Defendants.* | **Case No. 3:23-cv-936-WWB-LLL** |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE FOR DR. JEFFREY GOESSLING, BARBARA BLONDER, DR. NISSE GOLDBERG, DR. HENRY MUSHINSKY, AND DR. LEYNA STEMLE TO FILE A BRIEF AS *AMICI CURIAE* (ECF No. 31)**

Pursuant to Local Rule 3.01(b)-(c), Defendants respond in opposition to the Motion for Leave for Dr. Jeffrey Goessling, Barbara Blonder, Dr. Nisse Goldberg, Dr. Henry Mushinsky, and Dr. Leyna Stemle to File a Brief as *Amici Curiae,* ECF No. 31 ("Mot. for Leave"). As discussed below, the Court should deny the motion because the proposed amici's interest is already competently represented in this case, the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Paul Souza, Acting Director of the U.S. Fish and Wildlife Service, and Walter Cruickshank, Acting Secretary of the Interior, are automatically substituted for Martha Williams and Deb Haaland, respectively.

information proffered is not useful and some has already been rejected by this Court in earlier briefing, and the proposed amici are partial to a particular outcome in this case.

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level. Nevertheless, district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Generally, *amicus curiae* status is granted when: "(1) the petitioner has a special interest in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-FTM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010) (citation omitted); *see also Save the Manatee Club v. U.S. EPA*, No. 6:22-cv-868-CEM-LHP, 2022 WL 19918052 (M.D. Fla. Nov. 22, 2022) (quoting *Conservancy of Sw. Fla.,* 2010 WL 3603276). Moreover, *amicus curiae* briefs that merely "duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief… should not be allowed. They are an abuse." *Fla. by & through McCollum v. U.S. Dep't of Health & Human Services*, No. 3:10-cv-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

# ARGUMENT

The petitioners fail to satisfy the second, third, and fourth considerations for granting amicus curiae status in this district, as set forth in *Conservancy of Southwest Florida.*

## A. Petitioners' Interest Is Already Competently Represented by Plaintiffs.

The interest of the petitioners (proposed amici) is already competently represented by Plaintiffs. The Motion for Leave claims that the proposed amici merely seek to "provide this Court with scientific explanations regarding the Species Status Assessment (SSA) that the United States Fish and Wildlife Service (Service) relied on" when it made its Endangered Species Act decision on the gopher tortoise in 2022. Mot. for Leave at 1. However, the proposed amicus brief goes beyond providing scientific explanations; it argues for the same outcome sought by Plaintiffs founded on the same rationale—that the Service should revisit its gopher tortoise decision because its scientific reasoning in the 2022 Decision was allegedly arbitrary and not based on the best available science. *Compare* ECF No. 29 ("Pls.' MSJ") at 1-2, 12, 20, 27, 29, *with* ECF No. 31-1 ("Proposed Br.") at 9.

Indeed, the proposed brief repeats many of the same arguments already made in Plaintiffs' motion for summary judgment, filed only a few hours earlier. For example, the first argument against the SSA in the proposed amicus brief addresses the alleged underestimation of the "most significant threat to gopher tortoises" as "the loss of intact, contiguous land" due to urbanization. Proposed Br. at 10. Plaintiffs' motion for summary judgment already raises this perceived issue with the SSA. *See* ECF No. 29 at 17-20; *see also id.* at 4-5 (describing same threat). Likewise, both the Plaintiffs' motion for

3

summary judgment and the proposed amicus brief argue that the SSA should look beyond the next 80 years. *See* Pls.' MSJ at 27-28; Proposed Br. at 13-15. Both the Plaintiffs' motion for summary judgment and the proposed amicus brief argue that the population viability model used for the SSA created an improper feedback loop, and that the SSA improperly focuses on conservation lands, rather than private land. *See* Pls.' MSJ at 12-16, 19-20; Proposed Br. at 15-16. Both the Plaintiffs' motion for summary judgment and the proposed amicus brief argue that existing state protections are inadequate. *See* Pls.' MSJ at 29-30; Proposed Br. at 16-17. Both the Plaintiffs' motion for summary judgment and the proposed amicus brief argue that the Service allegedly underestimates the significance of a certain analysis unit (Unit 2). *See* Pls.' MSJ at 24-27; Proposed Br. at 17-18.

Accordingly, the petitioners' interest in having this Court "consider the record evidence in determining whether the Service's decision . . . is arbitrary, capricious, an abuse of discretion, and not in accordance with law" is already well represented by Plaintiffs. Proposed Br. at 18. For this reason alone, the Court should deny the petitioners' motion. *See Dibbs v. Hillsborough Cnty., Fla.*, No. 8:12-cv-2851-T-36TGW, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014) (declining amicus seeking to "supplement the record with its own research" where parties are "competently represented" (citation omitted)).

**B. Petitioners' Proffered Information Is Not Useful in this Record Review Case**.

Beyond the fact that Plaintiffs already competently represent the petitioners' interest, the petitioners' proffered information is not useful to this record review case arising under the Administrative Procedure Act (APA). As explained above, nearly all

4

the arguments made in the petitioners' brief have already been made in Plaintiffs' motion for summary judgment. Therefore, the arguments from petitioners are repetitive rather than useful, and just serve to extend the length of Plaintiffs' brief. *See Fla. by & through McCollum*, 2010 WL 11570635, at *1.

In addition to the proposed brief, petitioners proffer five declarations and hundreds of pages of attachments. In an APA case, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). As this Court has recognized, there are only a few exceptions permitting extra-record evidence, and the status of these exceptions is not settled in the Eleventh Circuit. ECF No. 24 at 4. Some of petitioners' proffered attachments are already in the administrative record submitted for this case. *See* AR_10419 (Attachment A to proffered Dr. Goessling Decl.); AR_11045 (Attachment B to proffered Dr. Goessling Decl.); AR_10899 (Attachment B to proffered Blonder Decl.); AR_06482 (unlabeled attachment to Dr. Mushinsky Decl.). Thus, these attachments are duplicative and not useful for the Court.

Moreover, some of the attachments are not in the administrative record.[2] Petitioners neither acknowledge nor attempt to explain why the Court should go beyond the administrative record to consider these attachments. Courts in other districts have denied filings by amicus that contain extra-record evidence. *See, e.g.*, *Vanda*

---

[2] The three attachments to Dr. Stemle's proffered declaration post-date the agency decision challenged in this case, and therefore could not have been in the administrative record.

5

*Pharmaceuticals v. FDA*, 436 F. Supp. 3d 256, 277-78 (D.C. Cir. 2020) (denying motion for leave to file amicus because arguments were repetitive of plaintiff's and relied on "extra-record studies" that "cannot help the court evaluate [the agency's] decision, based on the record before the agency" when it made its decision); *Greater Hells Canyon Council v. Wilkes*, No. 2:22-cv-859-HL, 2023 WL 6443562 at *6 (D. Or. Apr. 20, 2023) (denying motion to appear as amicus curiae with leave to renew if renewed brief "does not rely on extra-record evidence").

Perhaps most concerning is the extra-record evidence that Plaintiffs already tried to bring before the Court, and the Court declined to consider it. In prior briefing in this case, Plaintiffs sought to supplement the administrative record with a declaration by Dr. Kevin Shoemaker "to explain[] technical terms and complex subject matter . . . relating to the Service's population viability modeling for the gopher tortoise." ECF No. 20 at 1. The Court issued an order denying Plaintiffs' motion, finding that the "thrust of the declaration" went beyond the technical-terms exception and was plainly "an opinion rebutting the [Service's] findings." *Id.* at 16-17 (citation omitted). The Court held that Plaintiffs lacked a legal basis to admit the declaration as extra-record evidence. *Id.* at 17-18. Shortly after Plaintiffs filed that motion to supplement, Dr. Shoemaker published an article with a colleague containing the exact concerns and even an identical graph from his declaration. Now, without acknowledgement of this Court's prior ruling, petitioners attempt to place that article containing the same information before the Court as one of the numerous attachments to their proposed brief. *See* Decl. of Dr. Stemle, Attachment C. Aside from being post-decisional and therefore not relevant, this

particular attachment is an attempt to circumvent the Court's earlier ruling in this case and should not be permitted.

### C. Petitioners Are Partial to a Particular Outcome in this Case.

Finally, the petitioners are clearly partial to a particular outcome in this case – the same outcome sought by Plaintiffs. Some of the proposed amici have a direct stake in the case, as they admit that their research was used in creating the Service's analysis that they now refute, or they served on the official panel reviewing that analysis. *See* Mot. for Leave at 2-3 (explaining roles of Dr. Goessling, Dr. Mushinsky). While the Motion for Leave is more circumspect, the proposed brief states: "Amici are concerned that the Service's reliance on or misunderstanding of the SSA resulted in its incorrect conclusion that the eastern DPS of gopher tortoises will survive in the foreseeable future." ECF No. 31-1 at 9. Indeed, Petitioners' partiality is evident throughout the proposed brief. *See id.* at 9 (using words like "overestimates," "fails," "ignores," and "discounts" to describe Service's analysis), 14 (characterizing Service's analysis as "limited" before listing "another shortcoming"), 15 (describing "problem" with Service's approach). Petitioners plainly want this Court to find the Service's challenged decision "incorrect" and instruct the Service to reconsider the decision. Proposed Br. at 9. In addition to being duplicative of the Plaintiffs' requests, this is not a proper basis to grant amicus curiae status. *Cf. Conservancy of Sw. Fla.*, 2010 WL 3603276, at *1 ("[A]n amicus is not a party and 'does not represent the parties but participates only for the benefit of the court'" (citation omitted)).

7

## CONCLUSION

The interest of petitioners (proposed amici curiae) is well represented by Plaintiffs. Indeed, petitioners' proffered brief repeats many of the same arguments that Plaintiffs' motion for summary judgment already makes. Moreover, petitioners proffer evidence that is not useful – either duplicative, improper under the APA, or material that this Court already declined to consider. Finally, petitioners are partial to the same outcome in this case that Plaintiffs already seek. Thus, the Court should deny the Motion for Leave for Dr. Jeffrey Goessling, Barbara Blonder, Dr. Nisse Goldberg, Dr. Henry Mushinsky, and Dr. Leyna Stemle to File a Brief as *Amici Curiae*, ECF No. 31.

Respectfully submitted this 30th day of January, 2025.

>LISA L. RUSSELL, Deputy Assistant Attorney General
>U.S. Department of Justice
>Environment & Natural Resources Division
>S. JAY GOVINDAN, Section Chief
>NICOLE M. SMITH, Assistant Section Chief
>
>*/s/ Taylor A. Mayhall*
>TAYLOR A. MAYHALL
>Trial Attorney (MN Bar No. 0400172)
>Wildlife & Marine Resources Section
>P.O. Box 7611
>Washington, D.C. 20044-7611
>Tel: (202) 598-3796
>Taylor.mayhall@usdoj.gov
>
>*Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.

<u>*/s/ Taylor A. Mayhall*</u>
TAYLOR A. MAYHALL