IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and NOKUSE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, *et al.*, <br><br> Defendants. | Case No. 3:23-cv-936-WWB-LLL |

**MOTION OF STATE AND NATIONAL FORESTRY ASSOCIATIONS FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT (ECF NO. 36)**

Pursuant to Rule 3.01(a) of the Local Rules of the Middle District of Florida, movant-*amici curiae*—National Alliance of Forest Owners ("NAFO"), Alabama Forestry Association ("Alabama Forestry"), Florida Forestry Association ("Florida Forestry"), Forest Landowners Association ("FLA"), Georgia Forestry Association ("Georgia Forestry"), and the Forestry Association of South Carolina ("South Carolina Forestry") (collectively, "Movant-*Amici*")—respectfully seek leave to file an *amicus curiae* brief in the above-captioned matter supporting the U.S. Fish and Wildlife Service's recognition of the importance of conservation efforts on private forest land and its decision not to list the gopher tortoise rangewide or in its eastern population as threatened or endangered under the Endangered Species Act. 87 Fed. Reg. 61834, 61835 (Oct. 12, 2022). As described further below, Movant-*Amici* seek to provide this Court with useful information regarding the positive contribution of conservation efforts on private working forests to gopher tortoise habitat as additional context for the Court's evaluation of the merits.

1

## INTERESTS OF THE *AMICI CURIAE*

NAFO is a trade association that represents owners of over 47 million acres of private forests in 32 States. NAFO was incorporated in March 2008, and it has worked assiduously since then to support its members in sustaining the ecological, economic, and social values of forests, and in assuring an abundance of healthy and productive forest resources for present and future generations. One of NAFO's signature programs is the Wildlife Conservation Initiative, a collaboration between NAFO, the National Council for Air and Stream Improvement, and the U.S. Fish and Wildlife Service.[1] Formalized via a memorandum of understanding, the Wildlife Conservation Initiative is a programmatic partnership for voluntary and proactive collaborative conservation benefiting common, at-risk, and listed species, including the gopher tortoise.[2]

Alabama Forestry is a membership organization comprised of forest products companies, loggers, landowners, suppliers, foresters and others with a stake in Alabama's forest economy. Alabama Forestry seeks to, *inter alia*, protect its members' interests at the local, State, and Federal levels, and promote sustainability forestry practices and programs across Alabama.

Florida Forestry represents the full spectrum of Florida forestry participants, including owners, consulting foresters, loggers, silvicultural operators, and end-use mills. Florida Forestry works with its members to promote the responsible and

---

[1] *See Wildlife Conservation Initiative*, https://wildlifeconservationinitiative.org/ (last visited Mar. 5, 2025).

[2] *See Wildlife Conservation Initiative Spotlight, Gopher Tortoise*, https://wildlifeconservationinitiative.org/wp-content/uploads/2025/02/WCI_GopherTortoise_OnePager_2025b.pdf (last visited Mar. 5, 2025).

sustainable use of Florida's forest resources and to keep Florida forestry growing for generations to come.

FLA represents private forestland stakeholders who own and manage over 55 million acres nationwide—from large, multi-generational forest businesses to individual family landowners who view their forest as a long-term investment. FLA is committed to preserving America's tradition of private forest ownership, promoting the importance of forest resources and sustainable forest management, and securing a legacy that can be passed to the next generation.

Georgia Forestry represents private, family landowners and the full forestry supply chain in Georgia, which support the management of 22 million acres of forestland across the State. Georgia Forestry advocates to protect and enhance the value and management of private timberlands as a critical component of the economic and environmental well-being of Georgia communities. This includes protecting key management functions on private forest property such as the use of best management practices to protect water quality and wildlife habitat.

South Carolina Forestry supports the landowners, professionals, and companies that comprise South Carolina's forest industry by promoting conservation and sustainable forestry, the use of wood products, and working forests, recognizing the social, economic, and environmental benefits of sustainable forests.

## THE ROLE OF *AMICUS CURIAE* BRIEFS

"[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). A sister court within this District has explained that

"circumstances under which an amicus brief is considered desirable" include "when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Leal v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, No. 08-cv-1062, 2009 WL 1148633, at *1-2 (M.D. Fla. Apr. 28, 2009) (citation omitted).[3]

Given the helpful role *amicus* briefs can play, it has become commonplace for interest groups, trade associations, and other entities to participate as *amici* in environmental cases, from the Supreme Court to district courts. *See, e.g.*, *Hughey v. JMS Dev. Corp.*, No. 92-CV-2051, 1993 WL 738623, at *4 (N.D. Ga. Mar. 29, 1993) (granting trade association and State agency motions for leave to file *amicus* briefs in a Clean Water Act citizen suit); *Ga. Aquarium, Inc. v. Pritzker*, 135 F.Supp.3d 1280, 1289 (N.D. Ga. 2015) (accepting *amicus* briefs in Marine Mammal Protection Act case). Indeed, Movant-*Amici* recently participated as *amici* before the Supreme Court in a Clean Water Act case implicating the regulation of activities on private working forests. Brief of *Amici Curiae* Forestry Organizations in Support of Petitioners, *Sackett v. EPA*, No. 21-454 (filed Apr. 15, 2022).[4]

**REASONS TO GRANT THE MOTION**

For the reasons that follow, Movant-*Amici*'s participation via an *amicus* brief is

---

[3] Another sister court has identified other, nonbinding factors that may be relevant to its decision on a motion for leave to file an *amicus* brief: (1) a movant's special interest in the particular case; (2) whether the movant's interest is adequately represented; (3) whether the proffered information is timely and useful; and (4) whether the movant is partial to a particular outcome. *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 10-cv-106, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010) (citation omitted).
[4] https://www.supremecourt.gov/DocketPDF/21/21-454/221133/20220415130636235_21-454%20FINAL%20NAFO%20Amicus%204.15.22.pdf.

desirable and the matters to be addressed are relevant to the disposition of the case. The Court should thus exercise its "broad discretion to grant the request," *Conservancy of Sw. Fla.*, 2010 WL 3603276, at *1, and accept Movant-*Amici*'s brief for filing.

*First*, Movant-*Amici* and their members are knowledgeable about land management, particularly on privately owned forestland, where the majority of potential gopher tortoise habitat occurs. *See* 87 Fed. Reg. 61834, 61835 (Oct. 12, 2022). Movant-*Amici* have expertise in the effective use of existing mechanisms such as State-approved best management and conservation practices, and voluntary conservation methods and certification programs, to keep forests forested and thereby enhance habitat conservation for and protect the viability of resident wildlife species, including gopher tortoise. Movant-*Amici* thus have an interest in highlighting the conservation benefits of voluntary efforts implemented by their members and can offer the Court timely and useful information to that end. *See Ga. Aquarium*, 135 F.Supp.3d at 1289 (accepting *amicus* briefs from organizations and individuals "with extensive experience in wildlife conservation"). Movant-*Amici*'s brief will aid the Court in assessing the merits of this case by providing an additional perspective bearing upon the Service's decision regarding the listing status of the gopher tortoise.

*Second*, the information Movant-*Amici* seek to present may not otherwise be brought to this Court's attention during this dispute. Plaintiffs' arguments center on the Service's use of modeling, ECF No. 29 at 12-20, and its interpretation and application of statutory terminology, *id.* at 20-28. Plaintiffs touch only briefly on the existence of adequate regulatory mechanisms, *id.* at 29-30, which implicates Movant-*Amici*'s and their members' conservation efforts, but do not discuss them in detail. As such,

Defendants did not highlight the same record information or other context that Movant-*Amici* seek to do. *See generally* ECF No. 36. And yet, voluntary conservation efforts on private lands were featured in the Service's decision. *E.g.*, 87 Fed. Reg. at 61847.

*Third*, for these same reasons, should the Court consider representation a relevant factor, the parties also cannot adequately represent the interests of Movant-*Amici*. That is, neither Plaintiffs (environmental and conservation advocacy organizations), nor Defendants (representatives of the Federal government), have the same stake in the ongoing preservation and economic viability of private working forests that Movant-*Amici* do. *See Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) ("We do not believe that a federal defendant with a primary interest in the management of a resource has interests identical to those of an entity with economic interests in the use of that resource."). As such, Movant-*Amici*'s unique perspective and information will assist the Court in having a fuller understanding of the issues in play.

*Finally*, Movant-*Amici*'s request is timely. The proposed brief is being submitted to the Court with ample time for the Court to consider the information presented, and with sufficient time for both Plaintiffs and Defendants to evaluate and respond to the information presented, should they so desire. As such, Movant-*Amici* request the opportunity to share their experience conserving private forestland with the Court.

## CONCLUSION

For the above reasons, Movant-*Amici* respectfully request that the Court grant this motion and accept their brief for consideration in this case.

**LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Movant-*Amici* contacted all parties by email on February 5 and 28, 2025, to confer regarding their position on the present motion. Both Plaintiffs and Defendants reserve their positions pending review.

Respectfully submitted,

/s/ Michael W. Lieberman
Michael W. Lieberman (Bar No. 1049421)
Elizabeth Boucher Dawson (pro hac pending)
mlieberman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2508

*Counsel for Movant-Amici National Alliance of Forest Owners, Alabama Forestry Association, Florida Forestry Association, Forest Landowners Association, Georgia Forestry Association, and the Forestry Association of South Carolina*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Michael W. Lieberman</u>
Michael W. Lieberman